IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,          Case No. 3:23-cv-001388

    Plaintiff,

    v.          **ORDER**

Gedert Roofing & Repair LLC,

    Defendant.

This is an action to recover civil penalties that Defendant Gedert Roofing & Repair owes the United States Department of Labor, Occupational Health and Safety Administration ("OSHA"). (Doc. 1). The United States alleges that Defendant violated the Occupational Health and Safety Act of 1970, 29 U.S.C. § 651 *et seq*. and regulations promulgated thereunder. (*Id*.).

Pending is the United States' Application to the Clerk for Entry of Default under Federal Rule of Civil Procedure 55(a). (Doc. 8).

The application is denied because the United States has not properly served Defendant.

### Legal Standard

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Accordingly, I must determine whether the United States properly served Defendant with the summons and complaint.[1]

---

[1] **Normally, a plaintiff makes its Rule 55(a) request to the Clerk of the Court. However, this situation requires interpretation of the state court's service rules. Accordingly, I undertake this analysis under Federal Rule of Civil Procedure 55(b) (Application to the Court).**

**Discussion**

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the summons and complaint on the defendant within the time allowed by Federal Rule of Civil Procedure 4(m).

Defendant here is a limited liability company. Accordingly, Federal Rule of Civil Procedure 4(h) applies because it sets forth the rules that a plaintiff must follow to properly serve a summons and complaint on a limited liability company defendant.

Federal Rule of Civil Procedure 4(h) states, in relevant part:

> **(h)** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> > **(1)** in a judicial district of the United States:
> > > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Here, the United States elected to serve Defendant in the manner set forth in Federal Rule of Civil Procedure 4(h)(1)(a). Rule 4(h)(1)(A) references Federal Rule of Civil Procedure 4(e)(1). Rule 4(e)(1) states:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:

      (A) delivering a copy of the summons and complaint to the individual personally;
      (B) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who lives there; or
      (C) delivering a copy of each to an agent authorized by appointment of law to receive service of process.

Here, the United States elected to follow state law for effectuating service under this Rule. (Doc. 8-1, PageID. 60). I note that under the Northern District of Ohio's Local Rules ("LR") the methods of service set forth in Federal Rule of Civil Procedure 4 "are preferred… and should be attempted *before service is attempted pursuant to the Ohio mail methods* authorized by Fed. R. Civ. P. 4(e)(1)." (emphasis added).

However, since the United States elected to use the Ohio mail methods, I must look at the Ohio Rules of Civil Procedure ("ORCP") to determine whether the United States perfected service.

ORCP 4.1 provides that there are several valid methods that a plaintiff may use to serve a party located within the State of Ohio. (*See,* https://www.supremecourt.ohio.gov/docs/LegalResources/Rules/civil/CivilProcedure.pdf)

One method allows a plaintiff to involve the court clerk in effectuating service by using certified or express mail or commercial carrier. ORCP 4.1(A)(1)(a)-(b). The other methods involve the plaintiff personally serving a party utilizing a civil process server. ORCP 4.1(B)-(C). Here, the United States elected the former option: to utilize the court clerk under ORCP 4.1(A)(1).

If a plaintiff uses the United States Postal Service method, the plaintiff must instruct the clerk to deliver the summons and complaint "as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered." ORCP 4.1(A)(1)(a).

If a plaintiff uses the commercial carrier method, the plaintiff must "require[e] a signed receipt… with instructions to the carrier to return a signed receipt showing to whom delivered, date of delivery and address where delivered." ORCP 4.1(A)(1)(b).

Regardless of which option the plaintiff instructs the clerk to use, the clerk must enter the fact of delivery and the method of notification on the docket. ORCP 4.1(A)(2). The clerk must also file the return receipt or returned envelope on the docket. *Id.*[2]

LR 4.2 provides additional guidance and interpretation of this Ohio law provision, as applicable in federal court.

*See* https://www.ohnd.uscourts.gov/sites/ohnd/files/CivilRules_Rule42.pdf.

LR 4.2 reiterates that under ORCP 4.1 and 4.3(B), if the plaintiff elects to use the United States Postal Service option, the Clerk of the Court must mail "the summons and complaint by certified mail." *Id*. LR 4.2(a) and (b) provide specific instructions for the plaintiff's attorney on what they must include in the content of the envelope, return receipt card, and instructions to the Clerk. *Id*.

The ORCP also provide guidance regarding situations where a party refuses service. ORCP 4.6(C) states the following:

> If attempted service of process by United States certified or express mail or by commercial carrier service within or outside the state is refused, and the certified

---

[2] **Under ORCP 4.2, the clerk may serve a limited liability company, such as Defendant, "by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1); or by serving a manager or member." ORCP 4.2(G).**

**Here, the United States does not explain which of these three options it chose. If the United States had Defendant's authorized agent's contact information, the simplest route for effectuating service would have been to stick to the simplicity provided in Federal Rule of Civil Procedure 4(h)(1)(b), rather than invoking Ohio service laws, and deliver a copy of the summons and complaint to the registered agent, thereby effectuating service. Perhaps this is what the United States intended to do when it sent its July 21, 2023 FedEx packet to Defendant. However, for reasons further discussed herein, the United States' failure to obtain a signed proof of delivery defeated this attempt.**

or express mail envelope or return of the commercial carrier shows such refusal, or the return of the person serving process by personal service within or outside the state or by residence service within the state specifies that service of process has been refused, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. … Service shall be deemed complete when the fact of mailing is entered of record. Failure to claim United States certified or express mail or commercial carrier service is not refusal of service within the meaning of this division. This division shall not apply if any reason for failure of delivery other than "Refused" is also shown on the United States certified or express mail envelope.

Again, LR 4.2 provides further guidance for applying this Ohio rule in federal court, where it states:

If service of process is refused or was unclaimed, the Clerk shall forthwith electronically file a Return of Service Unexecuted which shall serve as notice to the attorney of record or if there is no attorney of record, the party at whose instance process was issued (who shall be copied by regular mail), that service was not obtained. If the attorney, or serving party, after notification by the Clerk, files with the Clerk a written request for ordinary mail service, and submits to the Clerk an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in written instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing.

In sum, a plaintiff may instruct the clerk to serve via ordinary mail *only* after ORCP 4.6(C) is triggered by a party's refusal to accept service. Otherwise, service must be made via either of the options set forth in ORCP 4.1(A)(1)(a)-(b). Again, these options are either: (1) via United States certified or express mail, return receipt requested, or (2) via a commercial carrier with a signed receipt proving delivery.

5

Here, the United States has not set forth the requisite proof that Defendant refused service before the United States elected to have the Clerk serve Defendant via ordinary mail, without return receipt.

On July 18, 2023, the United States filed its complaint against Defendant. (Doc. 1). The Clerk issued a summons on the same day. (Doc. 2).

On July 28, 2023, the United States filed a proof of service indicating that Defendant was: "Served via FedEx Tracking No. 772797696150 pursuant to L.R. 4.2 at 5510 Clover Lane, Toledo, Ohio 43623 on July 21, 2023. Fed Ex proof of delivery attached." (Doc. 3, PageID. 48). The FedEx proof of delivery indicates that the item was "Delivered," via FedEx Standard Overnight with no signature required. (Doc. 3-1, PageID. 49).

The United States has not demonstrated that the July 28, 2023 Fed Ex instructed the Clerk to serve process by a commercial carrier using a form of delivery requiring a signed receipt. Nor has the United States demonstrated that this service attempt included instructions to the carrier to return a signed receipt showing to whom delivered, date of delivery, and address where delivered, as required by the ORCP. Since the proof of delivery states "no signature required," the proof is not sufficient.

Assistant United States Attorney Julie Garswood's declaration in support of service tacitly acknowledges that the July 28, 2023 FedEx without signature did not comply with the service rules. (Doc. 8-1, PageID. 60). Thus, the United States tried again.

On August 24, 2023, the United States filed a praecipe for issuance of an Alias, or second, summons. (Doc. 4). The Clerk's office issued an Alias Summons on the same day. (Doc. 5).

On October 11, 2023, the United States requested that the Clerk of the Court serve Defendant by ordinary mail, with no signature required. As discussed above, ordinary mail is an option under LR 4.2(c), which may only be exercised after the defendant has refused service.

The United States has not demonstrated that Defendant refused service. Nor has it demonstrated that Defendant left the packet unclaimed or executed a waiver of service of process. Therefore, in absence of such showing, and although the Clerk docketed a Certificate of Mailing as to the October 11, 2023 effort, the United States has not perfected service.

LR 4.2 reiterates that: "The attorney of record or the serving party shall be responsible for determining if service has been made under the provisions of Rule 4 of the Ohio Rules of Civil Procedure and this Local Rule."

Federal Rule of Civil Procedure 4(m) sets forth that a plaintiff must serve a defendant within 90 days after filing the complaint. Otherwise, the Court must dismiss the action without prejudice unless a plaintiff shows good cause for its failure to effectuate timely service.

Here, the United States' 90-day deadline for serving Defendant fell on October 16, 2023. I must, therefore, dismiss this action without prejudice unless the United States can show good cause. I therefore Order that the United States show cause, no later than Monday January 22, 2024, why this case should not be dismissed without prejudice. Failure to show cause will result in dismissal. In the alternative, the United States may perfect service by any method, and demonstrate proof of the same, no later than Monday January 22, 2024.

### Conclusion

It is, therefore,

ORDERED THAT:

1. The Clerk's Office is Ordered to deny the United States' Application for Default; and

2. The United States must show good cause why I should not dismiss this case for its failure to comply with Federal Rule of Civil Procedure 4 no later than Monday January 22, 2024; or

3. In the alternative, the United States may perfect service by any method, and demonstrate proof of the same, no later than Monday January 22, 2024.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge
